IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:20-CR-113-KAC-DCP |
| ) | |
| MICHAEL ARIAS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial [Doc. 16], filed on January 21, 2021. The Defendant asks the Court to continue the February 23, 2021 trial date, because counsel needs additional time to investigate the case and to confer with the Defendant on the best resolution of the case. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 8, 2021.

The Court finds Defendant Arias's motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the February 23, 2021 trial date must be continued pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all

jury trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. In the Standing Order, the Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act. E.D.TN SO-20-21. On January 4, 2021, Chief Judge McDonough extended the deferral of jury trials through February 28, 2021, also finding that all time through that date is excludable under the Speedy Trial Act. E.D.TN SO-21-01.

Additionally, the Court observes that time beyond February 28, 2021 is necessary to prepare this case for trial. Based upon the representations in the motion, defense counsel needs additional time to complete his investigation and to confer with the Defendant on factual and legal matters. Counsel states that the parties are exploring a negotiated resolution of the case and that he needs time to advise the Defendant of the best outcome. If negotiations are not fruitful, defense counsel will need time to prepare the case for trial. These trial preparations cannot be concluded by February 28 or in less than three and one-half months from the current trial date. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and pretrial schedule [**Doc. 16**] is **GRANTED**. The trial of this case is reset to **June 8, 2021**. The Court finds that all the time between the filing of the motion on January 21, 2021, and the new trial date of June 8, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D)

2

& -(7)(A)-(B); E.D.TN SO-20-21. The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial [**Doc. 16**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 8, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **January 21, 2021**, and the new trial date of **June 8, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **March 8, 2021**. Responses are due on or before **March 22, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 7, 2021**;

(6) The deadline for filing motions *in limine* is **May 24, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **May 25, 2021, at 11:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 28, 2021**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge